People v Canton (2020 NY Slip Op 03375)





People v Canton


2020 NY Slip Op 03375


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-06947
 (Ind. No. 45716/16)

[*1]The People of the State of New York, respondent,
v
Antony Canton, appellant.


Janet E. Sabel, New York, NY (Robin Richardson of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Charles T. Pollak of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Stephanie Zaro, J.), rendered March 26, 2018, convicting him of aggravated unlicensed operation of a motor vehicle in the third degree and unlicensed operation of a motor vehicle, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with, inter alia, aggravated unlicensed operation of a motor vehicle in the third degree and unlicensed operation of a motor vehicle on the ground that he was driving while his driver license was suspended. At the jury trial, the People introduced into evidence the defendant's Department of Motor Vehicles (hereinafter DMV) abstract, which included, inter alia, the underlying reasons for the defendant's suspended driver license. The People also adduced testimony from a DMV witness regarding the bases for the defendant's open suspensions. Thereafter, the jury convicted the defendant of aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511[1][a]) and unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509[1]). The defendant appeals.
The defendant's contention that evidence about his DMV abstract should not have been admitted because it included Molineux evidence (see People v Molineux, 168 NY 264) is preserved for appellate review only as to the evidence regarding open suspensions (see CPL 470.05[2]; see also People v Barnett, 163 AD3d 700, 702). The evidence regarding open suspensions was properly admitted as it was relevant to show the defendant's knowledge that his driver license was suspended (see People v Frumusa, 29 NY3d 364, 370; People v Osier, 17 AD3d 609, 609).
In any event, any error was harmless because proof of the defendant's guilt was overwhelming, even without reference to the defendant's DMV abstract or to the testimony of the DMV witness regarding the open suspensions, and there is no significant probability that the jury would have acquitted the defendant had it not been for the error (see People v Arafet, 13 NY3d 460, 467; People v Crimmins, 36 NY2d 230, 242). The defendant's own witness admitted that she knew that the defendant's driver license was suspended because she was aware that he had received notices [*2]in the mail and because the defendant had told her his driver license had been suspended. In addition, the arresting police officer and the defendant's witness each testified that the defendant told the arresting officer at the time of the stop that the defendant's driver license had been suspended.
Accordingly, the judgment is affirmed.
DILLON, J.P., MALTESE, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court